IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,

    Plaintiff,

    v.

(FNU) BROOMES, et al.,

    Defendants.

Case No. 20-3305-JAR-GEB

## MEMORANDUM AND ORDER

This matter is a civil rights action filed by a prisoner in state custody and captioned as an "Emergency Constitutional Habeas Corpus." Plaintiff proceeds pro se.

### Nature of the Complaint

Plaintiff sues three judges of this court, the warden of the Lansing Correctional Facility, the Secretary of the Kansas Department of Corrections (KDOC), and the Governor of Kansas. He appears to challenge rulings made by the defendant judges in other actions, and he claims that the conditions of his confinement warrant his immediate release from custody. The claims against the warden, the Secretary of the KDOC, and the Governor appear to be that they have failed to respond to plaintiff's complaints.

### Discussion

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

A court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The court has examined the pleading and concludes this matter may proceed only as a civil rights action. Although plaintiff seeks release, the claims he presents relate primarily to the conditions of his confinement rather than the validity of his conviction or sentence. Claims concerning a prisoner's conditions of confinement cannot be brought in habeas corpus. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)—not through federal habeas proceedings.").

Next, plaintiff's claims concerning rulings by the defendant judges are subject to dismissal. These defendants are shielded by judicial immunity. *Whitesel v. Sengernberger*, 222 F.3d 861, 867 (10th Cir. 2000) ("Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction.") (quoting *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981)). Plaintiff's remedy from an adverse ruling lies in an appeal.

Finally, if this matter proceeds as a civil rights action, plaintiff must pay the full filing fee of $402.00 because he now is subject to the provisions of 28 U.S.C. § 1915(g). That section of the federal in forma pauperis statute prevents a prisoner from bringing suit in forma pauperis (IFP) if he has had three or more prior suits "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).[1]

---

[1] The qualifying dismissals are: (1) *Justice v. Stacy (LNU)*, Case No. 07-3133-SAC, dismissed for failure to state a claim for relief; (2) *Justice v. Brownback*, Case No. 16-3215-DDC, dismissing civil rights claims with prejudice

The only exception to this provision requires a prisoner to make a showing of imminent danger of serious physical injury. *Id*. Because plaintiff has not made the necessary showing, the court will direct him to submit the full filing fee if he wishes to proceed in this matter.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff is granted to and including **February 5, 2021**, to submit the $402.00 filing fee to the clerk of the court. The failure to submit the fee will result in the dismissal of this matter without prejudice.

**IT IS SO ORDERED**.

Dated: <u>January 5, 2021</u>

                                       S/ Julie A. Robinson
                                       JULIE A. ROBINSON
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

due to plaintiff's failure to state sufficient facts to state a claim for relief and dismissing habeas claims without prejudice; and (3) *Justice v. Carpenter*, Case No. 19-3106-SAC, dismissed for failure to state a claim for relief.