IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,

    Plaintiff,

    v.

(FNU) BROOMES, ET AL.,

    Defendants.

Case No. 20-3305-JAR-GEB

**MEMORANDUM AND ORDER OF DISMISSAL**

    This matter is a civil rights action filed by a prisoner in state custody. By its Memorandum and Order entered on January 5, 2021, the court screened the complaint and advised plaintiff that because this matter involves the conditions of his confinement, it must proceed as a civil rights action. Because plaintiff now is subject to 28 U.S.C. § 1915(g), the 3-strikes provision contained in the federal in forma pauperis statute, the court ordered him to pay the $402.00 filing fee on or before February 5, 2021. Plaintiff failed to submit the fee as directed.

    Following the entry of the Memorandum and Order, plaintiff submitted a response and objection (Doc. 7), a supplement (Doc. 8), a motion for declaratory judgment (Doc. 9), a motion to replace the record (Doc. 10), and a second supplement to the motion for declaratory judgment (Doc. 11). Briefly summarized, these submissions present first, argument that materials introduced by the prosecution in plaintiff's state criminal case were improper and second, objections to rulings made by the defendant judges in plaintiff's earlier filings in this court. Two later submissions, a motion for emergency injunction (Doc. 12) and a supplement to that motion (Doc. 13), concern plaintiff's efforts to retain materials deemed excessive under institutional policy.

    Plaintiff's claims concerning his state criminal case sound in habeas corpus. However, before a prisoner may proceed in federal habeas corpus, he generally must exhaust state court

remedies by presenting the claims in the state courts, including the appellate courts. 28 U.S.C. § 2254(b). Plaintiff has not shown that he has exhausted his claims concerning the introduction of telephone records, as it appears that he voluntarily dismissed his direct appeal.[1] Likewise, plaintiff previously has been advised that he must present his habeas claims on a court-approved form, but he has failed to do so. *See Justice v. Meyer*, 2020 WL 7481673 (D. Kan. Oct. 15, 2020)(describing the requirement contained in the rules of the District of Kansas and the Rules Governing Section 2254 Cases that a petitioner use forms). Therefore, plaintiff may not pursue claims challenging his conviction in this action.

Having considered the record, the court concludes this matter must be dismissed without prejudice due to plaintiff's failure to submit the $402.00 filing fee as directed. Plaintiff's claims seeking relief from his conviction must be presented in a habeas corpus petition under 28 U.S.C. § 2254. That petition must be presented on a form petition, and the clerk of the court will be directed to provide plaintiff with the appropriate form.

### Pending motions

The court denies plaintiff's motion for declaratory judgment (Doc. 9). The motion seeks plaintiff's release and a finding that his conviction and sentence are void. These requests present determinations that must be made in a habeas corpus action rather than in the present action under 42 U.S.C. § 1983.

Plaintiff's motion to replace record (Doc. 10) is a request to present material in support of the motion for declaratory judgment. The court grants this motion and considered the attached material in ruling on the motion for declaratory judgment.

---

[1] State court records show that plaintiff's direct appeal, Case No. #118791 was filed on January 9, 2018, and was voluntarily dismissed on May 13, 2019. On May 21, 2019, he filed an original habeas corpus action in the Kansas Supreme Court, Case No. #121247. That action was denied on June 20, 2019, and plaintiff's motion for reconsideration was denied on September 5, 2019.

Plaintiff's motion for an emergency injunction (Doc. 12) seeks an order allowing him to retain excess personal property, including legal work, in his possession. This claim, while properly presented in an action under § 1983, cannot be considered by the court. Under 28 U.S.C. § 1915(g), plaintiff may proceed without paying the filing fee only if he shows that he is in imminent danger of serious physical injury. His claim concerning access to his personal property is insufficient to meet that exception.

Plaintiff's motion for an emergency declaratory judgment (Doc. 14) also is denied. Plaintiff appears to seek an order related to recent assaults on him by other prisoners and an incident involving a facility response team. These events are not related to the events described elsewhere in the record, as plaintiff commenced this action challenging rulings made in earlier actions by other judges of this court. Nor does the motion identify any emergency circumstances; rather, plaintiff states he underwent surgery and is held in the facility infirmary awaiting a second surgical procedure.

**THE COURT THEREFORE ORDERS** that this matter is **dismissed without prejudice** due to plaintiff's failure to submit the filing fee as directed.

**IT IS FURTHER ORDERED** plaintiff's claims sounding in habeas corpus are **dismissed without prejudice**. The clerk of the court is directed to transmit to plaintiff a form pleading for an action under 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** plaintiff's motion for declaratory judgment (Doc. 9) is **denied**.

**IT IS FURTHER ORDERED** plaintiff's motion to replace record (Doc. 10) is granted.

**IT IS FURTHER ORDERED** plaintiff's motion for an emergency injunction (Doc. 12) is **denied**.

**IT IS FURTHER ORDERED** plaintiff's motion for emergency declaratory judgment (Doc. 14) is **denied**.

**IT IS SO ORDERED**.

Dated: May 20, 2021

　　　　　　　　　　　　　　　　　　　　S/ Julie A. Robinson
　　　　　　　　　　　　　　　　　　　　JULIE A. ROBINSON
　　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE