### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,

    Plaintiff,

    v.

(FNU) BROOMES, ET AL.,

    Defendants

Case No. 20-3305-JAR

### ORDER

This matter is before the court on three filings submitted by the plaintiff: a "Notice and Objection to Void Judgments" (Doc. 17), a supplement to that motion (Doc. 18), and a "Notice to Court Clerk" (Doc. 19).

#### Background

This matter is a civil action filed by a prisoner in state custody. Following its initial review of the complaint, the court construed the matter as a civil rights complaint filed under 42 U.S.C. § 1983.

Plaintiff is subject to 28 U.S.C. § 1915(g), the three-strikes provision of the federal in forma pauperis statute. Under that provision, a prisoner who has had three or more civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim for relief may proceed in forma pauperis only upon a showing that he is in imminent danger of serious physical injury.

Finding that plaintiff had not made that showing, the court denied leave to proceed in forma pauperis and ordered plaintiff to submit the full filing fee by February 5, 2021. Plaintiff failed to pay the fee as ordered, and the court dismissed this matter without prejudice on May 20, 2021.

**Discussion**

The court liberally construes plaintiff's "Notice and Objection to Void Judgments" as a motion filed under Rule 59(e) of the Federal Rules of Civil Procedure, which states that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the Judgment."[1] A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2] A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings.[3] A district court has broad discretion in deciding whether to disturb a judgment under Rule 59(e).[4]

The court has carefully considered plaintiff's claims that the judgment in this matter is void and that he is not subject to 28 U.S.C. § 1915(g) but finds these arguments lack merit. First, plaintiff has not presented any factual basis to demonstrate that the court lacks jurisdiction in this matter, nor does his claim that he was not provided the "full panoply of due process rights" find support in the record. Rather, the court screened the complaint, determined that plaintiff is required to pay the full filing fee in this matter, and ordered him to do so. The order requiring payment outlined the three dismissals that support plaintiff's filing status under § 1915(g), and plaintiff has

---

[1] Fed. R. Civ. P. 59(e).

[2] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[3] *Id.*

[4] *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

not credibly challenged them.  Accordingly, the court finds plaintiff is not entitled to relief and will deny the motion.

Finally, the court has considered plaintiff's request for copies of documents in this matter and will direct the clerk of the court to provide him with a copy of the docket sheet, the Complaint, the Memorandum and Order issued on January 5, 2021, and plaintiff's response and objection.

**THE COURT THEREFORE ORDERS** that plaintiff's Notice and Objection to Void Judgments (Doc. 17) is liberally construed as a motion filed under Fed. R. Civ. P. 59(e) and is **denied**.

**THE COURT FURTHER ORDERS** that the Clerk of the Court shall transmit to plaintiff a copy of the Complaint (Doc. 1), the Memorandum and Order entered on January 5, 2021 (Doc. 6), and plaintiff's response and objection (Doc. 7).

IT IS SO ORDERED.

Dated: <u>August 3, 2021</u>

                                           S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           CHIEF UNITED STATES DISTRICT JUDGE